UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| **Amanda K. Eldridge,** | ) | **CASE NO. 08 CV 2713** |
| **on behalf of herself and all others** | ) | |
| **similarly situated** | ) | |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Cardif Life Ins. Co.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court upon Defendant's Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19).  This disputes centers around the refund of unearned insurance premiums.  For the reasons that follow, the motion is GRANTED in PART and DENIED in PART.  Count two is DISMISSED.

### FACTS

Plaintiff, Amanda K. Eldridge, brings this class action lawsuit against defendant, Cardif Life Insurance Company, alleging that defendant failed to refund the unearned premium plaintiff

paid to defendant for credit insurance.

For purposes of the motion to dismiss, the Court presumes the facts in the complaint are true. Plaintiff purchased a Ford Ranger truck from a local car dealer. She financed the purchase through Ford Motor Credit Corporation. In connection with the financing, plaintiff purchased credit insurance from defendant for $866.44. Credit insurance is designed to assure the parties financing automobile purchases that payments will continue to be made in the event the purchaser becomes disabled or dies. The policy provides that, in the event the plaintiff paid off the loan early, she would be entitled to a refund of any unearned premium. Plaintiff alleges that she paid her loan off in full, but has not received any portion of the premium from defendant.

The complaint contains three claims for relief. Count one is a claim for breach of contract. Count two is a claim for unjust enrichment and count three alleges a breach of the duty of good faith and fair dealing.

Defendant moves to dismiss the complaint and plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). The complaint is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth

"more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

**ANALYSIS**

1. Breach of contract

Defendant argues that count one fails as a matter of law because plaintiff can point to no provision in the agreement that defendant breached. Specifically, defendant argues that plaintiff does not allege that she gave notice or requested a refund. Nor can plaintiff point to any policy provision requiring defendant to seek out insureds that may be entitled to a refund. In response, plaintiff argues that the policy does not require that plaintiff provide notice that she is entitled to a refund. Plaintiff also claims that the contract must be construed against defendant and that implying a notice provision would cause an inequity. In addition, plaintiff claims that defendant has access to information allowing it to ascertain which insureds are entitled to a refund. Accordingly, imposing a notice requirement on plaintiff is impermissible. Plaintiff argues that

Ohio law requires insurers to refund unearned premiums unconditionally.

Upon review, defendant's motion must be denied. Even assuming an implied notice provision existed, the Court finds that, in combination, the allegations set forth in paragraphs 18 and 36 of the complaint are sufficient to withstand a motion to dismiss. In paragraph 18, plaintiff alleges as follows, "[Defendant] possess information from various sources, including credit reporting agencies, lenders, banks, *and their own agents*, allowing it to readily ascertain which of its policyholders prepaid their loans...and are therefore entitled to a refund of the unearned premium." (Emphasis added). Paragraph 36 states that "plaintiff has satisfied all conditions precedent to the duty of Defendant to refund unearned premiums." Given liberal notice pleading standards, the Court finds that these allegations are sufficient to state a claim for breach of contract, even assuming defendant is correct that notice is a precondition to a return of premium. Plaintiff alleges that defendant can "readily ascertain" from its agents that plaintiff prepaid her loan. Thus, it is possible that defendant has actual notice of plaintiff's right to a return of premium. While ideally the allegations would be more specific, the Court concludes that Rule 8's notice pleading standards are satisfied. Accordingly, defendant's motion to dismiss the breach of contract claim is without merit.

This Court recognizes that this ruling does not address the primary issue in this case. Contrary to defendant's suggestion, however, the Court does not believe it is proper to address the issue at this stage in the proceedings. In *Bishop's Property & Investments, LLC v. Protective Life Ins. Co.*, 255 F.R.D. 619 (M.D. Ga. 2009), the court addressed plaintiff's motion for class certification in a nearly identical case. In denying the motion, the Court found that whether to imply a notice provision required an analysis of various factors, including the nature of the

relationship and course of dealing between the parties. This analysis seems particularly relevant given the manner in which these insurance polices are sold. The Court finds that, in this case, it is necessary to determine the nature of the relationship between the various entities involved in the transaction before determining whether a notice provision should be implied. Accordingly, defendant's motion is denied with respect to count one.

2. Unjust enrichment

Defendant argues that plaintiff's unjust enrichment claim fails because the existence of an express contract precludes the claim. In response, plaintiff argues that she is permitted to plead in the alternative. Thus, dismissal is not appropriate.

Where "a party retains money or a benefit that in equity or justice belongs to another," he will be liable for unjust enrichment. *Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 222 (6th Cir. 1992) (citing *Hummel v. Hummel*, 14 N.E.2d 923 (Ohio 1938)). The elements of a claim for unjust enrichment include (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984) (citing *Hummel*).

Ohio law is clear that a plaintiff may not recover under the theory of unjust enrichment when an express contract covers the same subject. *Ullmann v. May*, 72 N.E.2d 63 (Ohio 1947), *paragraph four of the syllabus*. *See also, Joseph Oldsmobile/Nissan, Inc. v. Tom Harrigan Oldsmobile, Inc.*, 1995 WL 276804 (Ohio App. 2nd Dist. May 10, 1995) (citing *Williams v. Goodyear Aircraft Corp.*, 85 N.E.2d 601 (Ohio App. 9th Dist. 1948)); *City of Cincinnati v. Cincinnati Reds*, 483 N.E.2d 1181 (Ohio App. 1st Dist. 1984)). In *Ryan v. Rival Manufacturing*

5

*Co.*, 1981 WL 10160, *1 (Ohio App. 1st Dist. Dec. 16, 1981), the court stated,

> It is clearly the law in Ohio that an equitable action in quasi-contract for unjust enrichment will not lie when the subject matter of that claim is covered by an express contract or a contract implied in fact.  The mere fact that issues exist as to the creation of the contract or the construction of its terms does not alter this rule.

Plaintiff claims, however, that she is merely pleading breach of contract and unjust enrichment as alternate theories of recovery, which is permissible under Federal Rule of Civil Procedure 8(e)(2).

In this case, neither party contests the existence or enforceability of the insurance policy.  It is clear that plaintiff's unjust enrichment claim arises from precisely the same subject matter covered by the policy as alleged in Count One.  This Court holds that plaintiff may not alternatively maintain claims of breach of contract and unjust enrichment where there is no dispute as to the existence and enforceability of the contract in question and where the unjust enrichment claim arises out of the same subject matter covered by the express contract.  Thus, plaintiff's claim for unjust enrichment must be dismissed.

      3.  Good faith and fair dealing

Defendant argues that plaintiff's claim for bad faith fails because plaintiff never provided notice of its intent to obtain a refund.  In addition, defendant argues that plaintiff is not alleging that defendant failed to provide coverage for any insurance claim.  Rather, plaintiff is simply seeking a refund of the premium.  Thus, there was never a "claim" for defendant to handle.  According to defendant, the claim for breach of the obligation of good faith and fair dealing arises only in the context of the mishandling of an insured's claim.  In response, plaintiff argues that she sufficiently alleged a bad faith claim.  Plaintiff claims that the Court cannot accept

defendant's statement that it did not have notice of the early payoff of plaintiff's loan.  As such, plaintiff has stated a claim and dismissal would be inappropriate.

It is well-settled in Ohio that a party cannot recover in tort for breach of contract, no matter how malicious the breach.  *Empire-Detroit Steel Division Cyclops Corp. v. Pennsylvania Elec. Corp.*, 1992 WL 173313, *3 (Ohio Ct. App. 5th Dist. June 29, 1992) (citing *Ketcham v. Miller,* 136 N.E. 145, syllabus (Ohio 1922)).  Only in limited circumstances will a breach of contract give rise to a tort claim.  "Ohio law imposes upon an insurer the duty to act in good faith in the handling and payment of the claims."  *Empire-Detroit*, supra at *3; *See also*, *Hoskins v. Aetna Life Ins. Co.*, 452 N.E.2d 1315, syllabus ¶ 1 (Ohio 1983); *Helmick v. Republic-Franklin Ins. Co.*, 529 N.E.2d 464, 468 (Ohio 1988)("bad faith refusal to pay a claim is a breach of the [duty of good faith]."); *Spadafore v. Blue Shield*, 486 N.E.2d 1201 (Oh. Ct. App. 10 th Dist. 1985)(noting that Ohio initially recognized duty of good faith in the settlement of an insurance claim and extended the duty under *Hoskins* to the payment and handling of an insurance claim).

Upon review, the Court agrees with plaintiff.  Ohio courts have concluded that certain fiduciary or other "special" relationships give rise to an exception to the traditional rule that "it is no tort to breach a contract."   Although admittedly Ohio courts have expressly held that the duty arises in the handling any payment of *claims*, these courts have not been faced with the issue of the breach of other contractual provisions.  This is so because nearly all insurance cases involve disputes over the payment of claims.  Thus, the claims procedures are the only contractual provisions ever at issue.  The rationale for imposing a duty of good faith on insurance companies arises as a result of the disparity in bargaining power and the adhesive nature of insurance agreements.  These rationales apply regardless of the contractual provision allegedly breached by

7

the insurer. Thus, it is the nature of the relationship between the parties, not the nature of the breach, that gives rise to a tort claim. Accordingly, the Court finds that plaintiff has stated a claim for breach of the duty of good faith and fair dealing.

The Court further rejects defendant's argument that the economic loss doctrine bars the claim. While admittedly the economic loss doctrine has been applied by Ohio courts with regard to tort claims, defendant cites no case law applying the doctrine to a claim for the breach of the duty of good faith and fair dealing. The claim, by its very nature, lends itself almost exclusively to economic damages. Given that Ohio courts have not limited recovery under the claim to damages of a non-economic nature, the Court declines to dismiss the claim.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED in PART and DENIED in PART. Count two is DISMISSED.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 6/30/09